**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JEFF E. HAUSE, | CIVIL ACTION NO. 07-5817 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| UNITED STATES OF AMERICA, et al., |  |
| Defendants. |  |

**COOPER, District Judge**

Plaintiff commenced this action to recover damages under the Federal Tort Claims Act ("FTCA") for alleged injuries sustained on the premises of a United States Postal Service ("USPS") facility. (Dkt. entry no. 1., Compl.) Defendants move, <u>inter alia</u>, to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). (Dkt. entry no. 13.) The Court will decide the motion without oral argument and on the papers, pursuant to Rule 78(b). For the reasons stated herein, the Court will (1) grant the part of the motion seeking to dismiss the complaint, and (2) dismiss the complaint.

### BACKGROUND

Plaintiff filed a Standard Form 95 - Claim for Injury or Death ("SF-95") with the USPS on or about March 2, 2007. (Compl., Ex. 1.) The SF-95 alleged plaintiff had been injured on March 3, 2006 when he slipped and fell on ice on the premises of

a USPS facility in Cranbury, New Jersey, and suffered, <u>inter alia</u>, a fractured wrist and knee injury. (<u>Id.</u>)  Defendants assert that, upon receipt of the SF-95, USPS personnel investigated the alleged incident.  (Dkt. entry no. 13, Def. Br., at 2.)  It appears that during the course of the USPS investigation, plaintiff, upon request, provided supplemental information to the investigators, including medical and ambulance transport records.  (Dkt. entry no. 14, Pl. Br., Ex. 1.)  Finding no evidence of the alleged accident at the Cranbury facility, the administrative claim was denied in October 2007.  (Def. Br., Ex. B., at 4.)

Plaintiff filed the complaint in this Court on December 6, 2007, alleging, due to the defendants' negligence in failing to remove the ice, he was injured at a USPS facility in Kearny, New Jersey, rather than the Cranbury location listed on the SF-95.  (Compl., at 3-5.)  Defendants assert they believed Kearny was a clerical error in the complaint, and thus answered the complaint as though the alleged incident had occurred in Cranbury.  (Def. Br., at 3.)  Defendants further assert that, after filing the answer, they were contacted by plaintiff, and told the SF-95 was incorrect and Kearny was the true location of the accident.  (<u>Id.</u> at 3-4.)  Plaintiff's counsel has taken responsibility for the error.  (Pl. Br., at 2.)

Defendants now move, <u>inter alia</u>, to dismiss the complaint on the basis that plaintiff has not exhausted all administrative

remedies under the FTCA because the USPS was not provided notice of the alleged incident in Kearny.  (Def. Br., at 4-8.)  See 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a).  Plaintiff opposes the motion, arguing defendants were given notice of the incident in Kearny through supplemental information provided to investigators, including an ambulance transport report stating plaintiff was picked up at the address of the Kearny USPS facility, and a hospital chart showing plaintiff was treated at a hospital "no where near Cranbury, but [] very close to Kearney [sic]."   (Pl. Br., at 2-3.)

**DISCUSSION**

I.  **Legal Standards**

   A.   **Motion to Dismiss**

A defendant may move to dismiss a claim for lack of subject matter jurisdiction at any time.  Fed.R.Civ.P. 12(b)(1); Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 437-38 (D.N.J. 1999).  A defendant may challenge the subject matter jurisdiction through a facial or factual attack.  Gould Elecs. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  Under either challenge, plaintiff bears the burden of persuasion to show the court has jurisdiction.  Id.  When reviewing a facial attack, the court assumes the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject

matter jurisdiction.  Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa, 67 F.Supp.2d at 438.

When reviewing a factual challenge, in contrast, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Carpet Group Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69 (3d Cir. 2000) (quotation and citation omitted).  The court may consider affidavits, depositions, and testimony to resolve factual issues, and weigh the evidence to satisfy itself as to the existence of its power to hear the case.  Iwanowa, 67 F.Supp.2d at 438.

This case concerns a factual challenge, and thus the Court may consider the documents attached to the pleadings.  See Medina v. City of Phila., 219 Fed.Appx. 169, 172 (3d Cir. 2007) (finding defendant's motion to dismiss based on plaintiff's failure to exhaust remedies under the FTCA to be a factual attack on jurisdiction); Arias v. United States, No. 05-4275, 2007 WL 608375, at *2 (D.N.J. Feb. 23, 2007) (same); Adegbuji v. United States, No 04-2619, 2005 WL 1917770, at *1 n.2 (D.N.J. Aug. 10, 2005) (same), aff'd, 223 Fed.Appx. 194 (3d Cir. 2007).

### B. The FTCA

#### 1. Waiver of Sovereign Immunity

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (quotation and citation omitted). Further, "[a] waiver of sovereign immunity cannot be implied but must be unequivocally expressed." Id. (quotation and citation omitted). Sovereign immunity, therefore, deprives a court of subject matter jurisdiction over a claim against the United States unless a statute grants an express waiver of immunity. United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000) (asserting "federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit"); Perez v. United States, No. 06-1508, 2007 WL 1489816, at *1 (D.N.J. May 21, 2007) (noting "[a]bsent a specific waiver of sovereign immunity[,] the courts lack subject matter jurisdiction over claims against the federal government"), aff'd, 269 Fed.Appx. 207 (3d Cir. 2008).

The FTCA waives sovereign immunity for claims against the United States seeking monetary damages where the injury results from a "negligent or wrongful act or omission of any employee of

5

the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b)(1); Perez, 2007 WL 1489816, at *1.

### 2. Exhaustion of Administrative Remedies

The FTCA has explicit exceptions to its waiver of sovereign immunity, including the requirement that a claimant first exhaust available administrative remedies. 28 U.S.C. § 2675(a). Under this exception, the FTCA waives sovereign immunity only where, before bringing an action in a federal court, a plaintiff has filed a claim with the appropriate federal agency and the agency issued a final denial of the claim. 28 U.S.C. § 2675(a); Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971); Kieffer v. Vilk, 8 F.Supp.2d 387, 395 (D.N.J. 1998).[1] The requirement of administrative exhaustion is "jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).

Plaintiff carries the burden of proof to establish presentment of the claim to the appropriate agency. Medina, 219 Fed.Appx. at 172. This burden is met if plaintiff can show the

---

[1] The claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

agency was given (1) written notice of the claim sufficient to enable the agency to investigate, and (2) the value of the claim. See 28 C.F.R. § 14.2; Tucker v. U.S. Postal Serv., 676 F.2d 954, 959 (3d Cir. 1982). In placing this burden on plaintiffs, Congress intended to "ease court congestion and avoid unnecessary litigation, while making it possible for the government to expedite the fair settlement of torts claims." Johnson v. United States, 788 F.2d 845, 848-49 (2d Cir. 1986) (quotation and citation omitted); see Tucker, 676 F.2d at 959.

A plaintiff cannot "present one claim to the agency and then maintain suit on the basis of a different set of facts" because the government must be given enough information to investigate. Deloria v. Veterans Admin., 927 F.2d 1009, 1011-12 (7th Cir. 1991) (quotation and citations omitted). Claims containing only basic information, such as the location and date of the incident, may contain sufficient information for the government to perform a reasonably thorough investigation. See, e.g., Santiago-Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16, 20 (1st Cir. 1993) (finding the inclusion of the date, location, agency involved, and type of injury to be sufficient information); Tidd v. United States, 786 F.2d 1565, 1568 (11th Cir. 1986) (noting an agency must be apprised of the location and date of the incident to initiate an investigation); Johnson, 788 F.2d at 849 (finding

7

the date, location, cause of injury, and employees involved to be sufficient information).

Claims containing technical deficiencies may provide sufficient notice so long as the government has enough information to facilitate investigation. See, e.g., Owen v. United States, 307 F.Supp.2d 661, 666 (E.D. Pa. 2004) (finding, although the administratrix of decedent's estate did not file an amended SF-95 naming herself as claimant, the administrative remedies had been exhausted); Leaty v. United States, 748 F.Supp. 268, 271-72 (D.N.J. 1990) (finding the letter of representation from the claimant's attorney, together with the SF-95 naming the injured party as claimant, constituted sufficient notice of claim).

If, however, the original notification or any supplemental submission fails to provide fair notice such that the government is clearly apprised of the key elements of the claim, notice shall be deemed insufficient. Deloria, 927 F.2d at 1012 (holding no notice was given for claims asserted within a 63 page supplement to the SF-95, as that "hardly [could] be the type of fair notice that Congress envisioned when it fashioned the presentment requirement") (quotation and citation omitted); Bembenista v. United States, 866 F.2d 493, 499 (D.C. Cir. 1989) ("To ask an agency to contemplate the nuances of every sentence in a supplemental submission would hold it to a standard that

even a court would be pressed to match."); Green v. United States, 385 F.Supp. 641, 644 (S.D. Cal. 1974) (finding a suggestion that an agency must solicit an additional administrative claim if it has received some sort of constructive notice of a potential claim to be "alien to the adversary concept of American jurisprudence [and] unsupported as a matter of law").

## II. Dismissal is Appropriate

The Court finds there is no subject matter jurisdiction here because plaintiff did not provide sufficient notice to the USPS regarding the alleged injury at the Kearny USPS facility.  See 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2; Tucker, 676 F.2d at 959. Plaintiff presented an unambiguous claim in his administrative complaint – that he was injured at the USPS facility in Cranbury – and proceeded to bring suit on another set of facts – an injury at the USPS facility in Kearny.  Without this information, the agency did not have the basic information necessary to perform an investigation into whether plaintiff slipped on ice at the Kearny USPS facility.  See supra I.B.2.

Plaintiff, admitting that the SF-95 was deficient for failing to name the correct location, asserts that, regardless of the error, the USPS was given enough information to conduct a sufficient investigation and facilitate settlement.  (Pl. Br., at 2-3.)  Plaintiff contends that a Harrison Fire Department Emergency Services report, noting plaintiff was picked up by an

9

ambulance at the address of the Kearny USPS facility, should have been sufficient to notify the agency of the mistake.  (Id.)  The Kearny address provided in the ambulance report, however, was not clearly legible (Pl. Br., Ex. 2), and was not enough to put the USPS on notice that the clear and unambiguous location stated in the SF-95 was incorrect.[2]

Plaintiff also asserts that a hospital chart included in his supplemental submission, noting that plaintiff was taken to and treated at a hospital in Newark, New Jersey, provided the USPS with notice that Cranbury could not have been the true location of the accident because Cranbury "is no where near Newark, but is very close to Kearney [sic]."  (Pl. Br., at 3.)  The fact that a hospital is closer in location to Kearny than Cranbury, however, is not enough information to put the USPS on notice that a mistake was made in the SF-95.[3]

Because the USPS was not given the correct location of the accident, it did not have the basic information necessary to perform a reasonably thorough investigation and facilitate

---

[2] Even had the ambulance report been clear, in light of the unequivocal mistake on the SF-95, it is plausible such evidence would still not have sufficed to provide the USPS with enough information to investigate the alleged incident.

[3] The administrative claim also failed to identify any USPS employee who had knowledge, information, or recollection of an incident that occurred on or about March 3, 2006, which possibly could have led the agency to discover the mistake in the SF-95 during its investigation.  (See Def. Br., Ex. 5, at 2.)

10

settlement.  See supra I.B.2.  The supplemental information provided to investigators was not sufficient to cure the deficiency in the administrative claim.  Plaintiff thus has failed to exhaust his administrative remedies under the FTCA, 28 U.S.C. § 2675(a), and, as such, the Court finds there is no subject matter jurisdiction over this action.

## CONCLUSION

The Court, for the reasons stated supra, will grant the part of the motion seeking to dismiss the complaint.  The Court will issue an appropriate order and judgment.

>     s/ Mary L. Cooper
> **MARY L. COOPER**
> United States District Judge

Dated:    September 26, 2008